IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                          |   |                                |
|------------------------------------------|---|--------------------------------|
|                                          | : |                                |
| UNITED FOOD AND COMMERCIAL               |   |                                |
| WORKERS UNION, LOCAL 400                 | : |                                |
|                                          |   |                                |
| v.                                       | : | Civil Action No. DKC 14-3133   |
|                                          |   |                                |
|                                          | : |                                |
| KROGER MID-ATLANTIC                      |   |                                |
|                                          | : |                                |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this labor dispute are: (1) a petition to enforce a subpoena filed by Petitioner United Food and Commercial Workers Union, Local 400 ("Local 400" or "the Union") (ECF No. 1); and (2) a motion for leave to file a surreply filed by Respondent Kroger Mid-Atlantic ("Kroger") (ECF No. 15).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the petition to enforce the subpoena will be denied as moot.  The motion for leave to file a surreply will be granted.

## I.  Background

This dispute arises from an arbitration related to a collective bargaining agreement between Local 400 and Kroger. Local 400 is a labor organization.  Kroger transacts business and has numerous retail stores under the trade name "Harris Teeter."  (ECF No. 1 ¶ 2).  Local 400 and Kroger are parties to

a collective bargaining agreement ("CBA") effective March 28, 2010 until August 2, 2014. (ECF No. 6-8). The CBA requires the parties to utilize the grievance and arbitration provisions of the contract to resolve any disagreement regarding the interpretation of the CBA. (*Id.* at 28). On November 27, 2013, Local 400 filed a demand for arbitration concerning Kroger's allegedly anti-union campaign among new employees. (ECF No. 1-2, at 4). In February 2014, the parties selected Arbitrator Michael Wolf from the American Arbitration Association to arbitrate the case. (*See* ECF No. 6-1). The arbitration involves a charge by the Union that Kroger violated the CBA by conducting an anti-union campaign against it during orientation meetings and benefit sessions among new employees at Kroger store 540.

On August 21, 2014, during the course of the arbitration, the Union issued a subpoena *duces tecum* requesting from Kroger six general categories of documents. (*See* ECF No. 1-1, at 12-13). Kroger moved to quash the subpoena arguing that it was overly broad and requested information about a store involved in a *separate* grievance (store 519).[1] (*See* ECF No. 6-3, Kroger's motion to quash). The Union opposed the motion. (*See* ECF No. 6-4). On September 15, 2014, Arbitrator Wolf issued a decision

---

[1] Kroger appears to have subpoenaed the Union for documents, and the Union also moved to quash the subpoena. At issue here, however, is the Union's subpoena for documents from Kroger.

adjudicating both motions to quash. (*See* ECF No. 6-1).   In short, Arbitrator Wolf limited the scope of the subpoena to Kroger, but required production of documents in accordance with the narrowed subpoena.

On September 18, 2014, counsel for the Union sent a letter to Kroger's attorney requesting that Kroger inform the Union by September 19, 2014 when the Union could expect to receive the material ordered by Arbitrator Wolf. (*See* ECF No. 1-1, at 24). The Union indicates that it did not receive a response to this correspondence.   Thus, the Union requested a continuance from Arbitrator Wolf, which was granted on September 23, 2014. (*See* ECF No. 1 ¶ 15).

On October 10, 2014, the Union filed the instant petition to enforce the subpoena issued by Arbitrator Wolf, stating that Kroger had not produced *any* responsive documents. (ECF No. 1). Kroger opposed the motion (ECF No. 6), and the Union replied (ECF No. 12).   On January 28, 2014, Kroger filed a motion for leave to file a surreply. (ECF No. 15).

## II.  Analysis

### A.   Motion for Leave to File Surreply

Kroger moved for leave to file a surreply and included a proposed surreply. (ECF Nod. 15 & 15-1).   Local Rule 105.2.a states: "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."   The court may permit

a surreply when a party would not otherwise have an opportunity to respond to arguments raised for the first time in the opposing party's reply. *See Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003).

As Kroger points out, when the Union initially filed the instant petition to enforce the subpoena issued in arbitration, Kroger had not yet produced any responsive documents. Soon after the filing of the petition, however, Kroger produced documents that it believes fully satisfy its obligations to produce the documents ordered by Arbitrator Wolf. In the reply memorandum, the Union newly argues that Kroger's production is incomplete and surmises that more responsive documents exist which Kroger refuses to produce. (*See* ECF No. 12-1). Specifically, the Union believes that Kroger did not produce a certain video presentation responsive to the subpoena and that Kroger selectively produced incomplete email communications. (*Id.* at 2-3). Because the reply memorandum raises new issues to which Kroger did not previously have an opportunity to respond, the motion for leave to file a surreply will be granted and the surreply will be considered.

**B.   Petition to Enforce Subpoena**

When the Union initially filed the petition to enforce the subpoena on October 10, 2014, it represented that Kroger had not provided *any* responsive documents. In its opposition to the

4

petition to enforce, Kroger contends that it produced all responsive documents on October 17, 2014, (*see* ECF No. 6-6), and then supplemented its production on November 6, 2014 (*see* ECF No. 6-7). Thus, Kroger indicated in its opposition that the Union's petition became moot when all responsive documents were produced by November 6, 2014. In its reply memorandum filed in January 2015, the Union concedes that Kroger produced documents responsive to the subpoena but takes issue with the completeness of the production. The Union makes arguments regarding the scope of Arbitrator Wolf's narrowed subpoena and surmises that Kroger is concealing a relevant video presentation and email communications that fall within the scope of the subpoena. (*See* ECF No. 12-1, at 4-9).

Section 7 of the FAA empowers arbitrators to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. Such a summons may be "served in the same manner as subpoenas to appear and testify before the court" and may be enforced by the "district court for the district in which such arbitrators, or a majority of them, are sitting." *Id.; see also American Fed'n of Television and Radio Artists v. WJBK-TV*, 164 F.3d 1004, 1009 (6th Cir. 1999) (applying the reasoning of the FAA in holding that an

arbitration subpoena could be enforced in federal court). Kroger argues that the proper forum for the Union to challenge any perceived inadequacies in Kroger's compliance with the September 15, 2014 order is by filing an appropriate motion with Arbitrator Wolf, and not with the district court.  While the initial petition sought procedural enforcement of the September 15, 2014 order from Arbitrator Wolf, the reply memorandum raises substantive discovery issues.

"Consistent with federal labor policy, [] the relevance of the information and the appropriateness of the subpoena should be determined in the first instance by the arbitrator." *American Federation*, 164 F.3d at 1010; *see also Wilkes-Barre Publishing Co. v. Newspaper Guild, Local 120*, 559 F.Supp. 875, 882 (M.D.Pa. 1982) ("It is not the function of this court to determine what an arbitrator would or should find relevant in resolving a dispute.").  Arbitration is the appropriate forum to determine whether certain documents are responsive to the narrowed subpoena and whether Kroger has fully complied.  *See, e.g., American Federal*, 164 F.3d at 1010 (ordering the district court "to enter judgment compelling A & M to produce the documents directly to the arbitrator for in camera inspection along with any evidentiary objections A & M may have to the admission of those documents or to their further disclosure.").  In fact, on January 26, 2015, Kroger filed a motion in

arbitration to clarify the scope of the September 15, 2014 ruling on Kroger's motion to quash. (*See* ECF No. 15-2, at 2-7). The parties have not advised whether that motion has been adjudicated in arbitration or whether the case is still stayed. The Union did not move to amend its petition to enforce the subpoena, which requested that the court order Kroger to comply with the September 2014 narrowed subpoena issued by Arbitrator Wolf. At the time the Union filed the petition, Kroger had not produced any documents. Since then, however, Kroger has produced documents in response to the subpoena, mooting the Union's petition.

Accordingly, the petition will be denied as moot.

## III. Conclusion

For the foregoing reasons, the petition to enforce subpoena filed by the Union will be denied as moot. The motion for leave to file a surreply filed by Kroger will be granted. A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge